

**Your Missouri Courts** — Case.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                                   Logon

**12SL-AC06560 - AARON SMITH V I C SYSTEM INC**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending    Display Options: All Entries

| Date | Entry |
|---|---|
| 03/22/2012 | **Judge/Clerk - Note**<br>PREVIOUS COURT DATE OF 04/10/12 ENTERED IN ERROR AND RESCHEDULED TO 04/24/12. NOTICE MAILED TO APLT ON TODAYS DATE AND DFT UPON RECIEPT OF SERVICE.<br>**Hearing Scheduled**<br>    Scheduled For: 04/24/2012; 9:00 AM ; DALE W HOOD; St Louis County<br>**Hearing Continued/Rescheduled**<br>    Hearing Continued From: 04/10/2012; 9:00 AM Hearing |
| 03/12/2012 | **Summ Req-Assc Pers Serv**<br>Request for Appointment of Special Process Server Filed and Appointed as Requested. = MARK WILCOX SERVICES RENDERED<br>**Summons Issued-Associate**<br>Document ID: 12-ADSM-7008, for I C SYSTEM INC.<br>**Hearing Scheduled**<br>    Associated Entries: 03/22/2012 - Hearing Continued/Rescheduled<br>    Scheduled For: 04/10/2012; 9:00 AM ; DALE W HOOD; St Louis County |
| 02/16/2012 | **Judge Assigned**<br>34 T<br>**Judge Assigned**<br>**Pet Filed in Associate Ct** |

Case.net Version 5.12.1.0                Return to Top of Page                Released 03/08/2012

EXHIBIT A



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: DALE W HOOD | Case Number: 12SL-AC06560 |
|---|---|
| Plaintiff/Petitioner: AARON SMITH | Plaintiff's/Petitioner's Attorney/Address: JAMES WINDSOR EASON<br>EASON & VOYTAS, LLC<br>ONE NORTH TAYLOR AVE.<br>ST. LOUIS, MO 63108<br>(314) 932-1066 |
| vs. | |
| Defendant/Respondent: I C SYSTEM INC | Date, Time and Location of Court Appearance:<br>10-APR-2012, 09:00 AM<br>DIVISION 34 T<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit: AC Other Tort | |

(Date File Stamp)

### Associate Division Summons

The State of Missouri to: I C SYSTEM INC
Alias:
RA – CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

**COURT SEAL OF ST. LOUIS COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

___03132012___   _____
Date                          Clerk

Further Information:    RMC

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____              _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)  My commission expires: _____   _____
                                 Date                Notary Public

**Sheriff's Fees, if applicable**
Summons                           $_____
Non Est                           $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $  10.00
Mileage                           $_____  (____ miles @ $____ per mile)
Total                             $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM20 (ADSM) *For Court Use Only:* Document ID# 12-ADSM-7008     1 of 1     517.041 RSMo

IN THE CIRCUIT COURT
ASSOCIATE DIVISION
ST. LOUIS COUNTY
STATE OF MISSOURI

Aaron Smith )
 )
    Plaintiff, )
v. ) CASE NO. 12SC-AC06560
 )
I.C. System, Inc. )
 )
Serve at: )
CT Corporation System )
Registered Agent )
120 South Central Avenue )
Clayton, Missouri 63105 )
 )
    Defendant. ) **JURY TRIAL DEMANDED**

## PETITION

COMES NOW, Plaintiff, Aaron Smith, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 et. seq.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d). Venue is appropriate in this Court because Defendant aimed its collection activity and committed the violations of the FDCPA described herein at and in St. Louis County, Missouri.

4. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b). Venue is appropriate in this Court because Defendant placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in St. Louis County, Missouri.

1

## PARTIES

5. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

6. To the best of Plaintiff's understanding, the subject debt arises out medical services performed for Plaintiff, and the debt has been reported on Plaintiff's credit long before Defendant began to call Plaintiff as described in this Petition.

7. Defendant is a foreign corporation registered in Missouri with its principal place of business in St. Paul, MN.

8. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

10. Based on Plaintiff's best recollection, Defendant has been placing calls to Plaintiff's cellular phone to collect the subject debt since approximately September 1, 2011.

11. Defendant has called Plaintiff's cellular phone (ending in "8047") at least once a day since approximately September 1, 2011 and very often calls Plaintiff's cellular phone multiple times per day.

12. On virtually every call, Defendant lets Plaintiff's voicemail pick up and then leaves a cryptic message that does not identify Defendant and does not state that the purpose of the call is to collect a debt.

13. For purposes of illustration, Plaintiff will set forth facts related to Defendant's calls from January 20, 2012 through January 25, 2012 and states that Defendant's call frequency and

2

tactics and phone messages have not varied materially from the beginning of Defendant's efforts to collect the debt.

14. On or about January 20, 2012, at 1:34 P.M., Defendant placed a call to Plaintiff's cellular phone from its number 202-367-9813, and left a nine-second voicemail.

15. The entire voicemail consists only of muffled voices.

16. On or about January 21, 2012, at 9:51 A.M., Defendant placed another call to Plaintiff's cellular phone from the same number, and again left a voicemail.

17. During the voicemail, and unidentified speaker asks for Plaintiff and then hangs up.

18. On or about January 21, 2012, at 11:37 A.M., Defendant placed another call to Plaintiff's cellular phone from the same number, and again left a voicemail identical to the one it left at 9:51 A.M.

19. On or about January 22, 2012, at 7:21 P.M., Defendant placed another call to Plaintiff's cellular phone from the same number, and again left a voicemail.

20. During the voicemail, an artificial voice says, "sorry to keep you waiting, I'm still trying to connect".

21. After the artificial voice speaks, and unidentified human speaker asks to speak with Plaintiff and then promptly hangs up.

22. On or about January 23, 2012, at 8:14 A.M. and then again at 8:51 A.M., Defendant placed additional calls to Plaintiff's cellular phone from the same number, and again left voicemails similar to the January 22 voicemail.

23. On or about January 24, 2012, at 3:11 P.M., Defendant placed another call to Plaintiff's cellular phone from the same number, and again left a voicemail.

24. During the voicemail, an artificial voice says "sorry to keep you waiting, I'm still trying to connect", and it repeats this and other similar phrases for 40 seconds.

3

25. After the artificial voice speaks, and unidentified human speaker asks for Plaintiff and then hangs up.

26. On or about January 25, 2012, at 8:37 A.M., Defendant placed another call to Plaintiff's cellular phone from the same number, and again left a voicemail.

27. This voicemail was identical to the January 23, 2012 voicemail.

28. None of the voicemails identify the caller or Defendant's company name.

29. None of the voicemails disclose that they are an attempt to collect a debt.

30. Plaintiff and Defendant had, to the best of Plaintiff's knowledge, their first "live conversation" on January 25, 2012 when Plaintiff called Defendant.

31. For the first time, Plaintiff learned that Defendant was a debt collector calling him about a debt.

32. Defendant's representative in this phone call, a person who called himself "Cory," told Plaintiff that if Plaintiff did not pay, then the debt would be reported on Plaintiff's credit report.

33. To the best of Plaintiff's understanding, the debt was already reported on his credit and Defendant's threat was therefore baseless, as Defendant had no intention or ability to credit report the debt.

34. Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 USC 227(a)(1), from the phone number that is registered to the Defendant.

35. All of the above phone calls were made to Plaintiff's cellular phone and he was charged for those phone calls.

36. Plaintiff never entered into any agreement whereby he provided express consent for Defendant to place calls to his cellular phone with Defendant's automatic telephone dialing system.

4

37. Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between himself and Defendant.

38. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular phone charges, anxiety, sleeplessness, and worry.

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

40. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

 a. Engaging in harassing and threatening tactics in connection with the collection of a consumer debt including causing Plaintiff's phone to ring continuously, telephoning Plaintiff constantly in an effort to harass Plaintiff, and leaving cryptic and disturbing messages to intimidate plaintiff. 15 U.S.C. § 1692d-f.

 b. Failing to identify Defendant's company name in any of the voicemails and failing to indicate that the call was a collection attempt. 15 U.S.C. § 1692d,

 c. Failing to disclose that the voicemails were an attempt to collect a debt, and instead using misleading representations contained in the voicemails. 15 U.S.C. § 1692e.

 d. Threatening to report the debt to the credit bureaus in an effort to mislead, harass and intimidate Plaintiff where such threat was false, baseless, and Defendant had no intent of following through with the same. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

 A. Declaratory judgment that Defendant's conduct violated the FDCPA;

 B. Actual damages;

 C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

D.  For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 to 37.

42. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a.  Placing multiple non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully requests that that judgment be entered against Defendant for:

A.  Declaratory judgment that Defendant's conduct violated the TCPA;

B.  Actual damages;

C.  Statutory damages pursuant to 47 USC (b)(3); and

D.  For such other relief as the Court may deem just and proper.

EASON & VOYTAS, LLC

RICHARD A. VOYTAS, JR. #52046
JAMES W. EASON, #57112
Eason & Voytas, LLC
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:    (314) 667-3161

6