**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **AARON SMITH** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:12-CV-00682 (JCH) |
| v. | ) |
| | ) |
| **I.C. SYSTEM, INC** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, Aaron Smith, and for his First Amended Complaint states as follows:

## INTRODUCTION

1.      This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2.      This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

3.      Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).  Venue is appropriate in this Court because Defendant aimed its collection activity and committed the violations of the FDCPA described herein at and in St. Louis County, Missouri.

5.      This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).  Venue is appropriate in this Court because Defendant placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in St. Louis County, Missouri.

## PARTIES

6.     Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

7.     To the best of Plaintiff's understanding, the subject debt arises out medical services performed for Plaintiff, and the debt has been reported on Plaintiff's credit long before Defendant began to call Plaintiff as described in this Petition.

8.     Defendant is a foreign corporation registered in Missouri with its principal place of business in St. Paul, MN.

9.     The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

10.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

11.     Based on Plaintiff's best recollection, Defendant has been placing calls to Plaintiff's cellular phone to collect the subject debt beginning on January 19, 2012.

12.     Despite making regular phone contact with Plaintiff, Defendant has never sent Plaintiff a written collection notice to a valid address.

13.     Defendant knows, by virtue of getting "returned" mail, that it had no valid address for Plaintiff.

14.     Even though Defendant knows it has not properly advised Plaintiff of his rights provided by 15 U.S.C. § 1692g, Defendant has engaged in a scheme to call Plaintiff continuously within the thirty-day dispute period provided for by 15 U.S.C. § 1692g to try and badger Plaintiff into paying the debt.

2

15.     For example, Defendant called Plaintiff's cellular phone (ending in "8047") at least once per day and sometimes three times per day from January 19, 2012 through January 25, 2012.

16.     On virtually every call, Defendant lets Plaintiff's voicemail pick up and then leaves a cryptic message that does not identify Defendant and does not state that the purpose of the call is to collect a debt.

17.     For purposes of illustration, Plaintiff will set forth facts related to Defendant's calls from January 19, 2012 through January 25, 2012

18.     Defendant called Plaintiff twice on January 19, 2012 and, upon information and belief, left cryptic messages that failed to identify Defendant.

19.     On January 20, 2012, Defendant called Plaintiff at 9:52am.

20.     On January 20, 2012, at 1:34 P.M., Defendant again placed a call to Plaintiff's cellular phone.  This time, Defendant left a nine-second voicemail.

21.     The entire voicemail consists only of muffled voices.

22.     On January 21, 2012, Defendant called Plaintiff two more times.

23.     In the first call, at 9:51 A.M., Defendant again left a voicemail.

24.     During the voicemail, and unidentified speaker asks for Plaintiff and then hangs up.

25.     In the second call, at 11:37 A.M., Defendant placed another call to Plaintiff's cellular phone from the same number, and again left a voicemail identical to the one it left at 9:51 A.M.

26.     On January 22, 2012, Defendant called Plaintiff two more times.

27.     In one such call, at 7:21 P.M., Defendant again left a voicemail.

28.     During the voicemail, an artificial voice says, "sorry to keep you waiting, I'm still trying to connect".

3

29.     After the artificial voice speaks, and unidentified human speaker asks to speak with Plaintiff and then promptly hangs up.

30.     On or about January 23, 2012, at 8:14 A.M. and then again at 8:51 A.M., Defendant placed additional calls to Plaintiff's cellular phone from the same number, and again left voicemails similar to the January 22 voicemail.

31.     On or about January 24, 2012, Defendant called Plaintiff three more times.

32.     In one such call at 3:11 P.M., Defendant again left a voicemail.

33.     During the voicemail, an artificial voice says "sorry to keep you waiting, I'm still trying to connect", and it repeats this and other similar phrases for 40 seconds.

34.     After the artificial voice speaks, and unidentified human speaker asks for Plaintiff and then hangs up.

35.     On or about January 25, 2012, Defendant called Plaintiff two more times.

36.     In one such call, at 8:37 A.M., Defendant again left a voicemail.

37.     This voicemail was identical to the January 23, 2012 voicemail.

38.     None of the voicemails identify the caller or Defendant's company name.

39.     None of the voicemails disclose that they are an attempt to collect a debt.

40.     Plaintiff and Defendant had, to the best of Plaintiff's knowledge, their first "live conversation" on January 25, 2012 when Plaintiff called Defendant to ask why Defendant was constantly calling him.

41.     For the first time, Plaintiff learned that Defendant was a debt collector calling him about a debt.

42.     Defendant's representative in this phone call, a person who called himself "Cory," told Plaintiff that if Plaintiff did not pay, then the debt would be reported on Plaintiff's credit report.

43.     To the best of Plaintiff's understanding, the debt was already reported on his credit and Defendant's threat was therefore baseless, as Defendant had no intention or ability to credit report the debt.

44.     Defendant's above-described conduct, including Defendant's ceaseless calling and its threats of credit reporting, overshadowed Plaintiff's rights pursuant to 15 U.S.C. § 1692g.

45.     Defendant failed to ever send Plaintiff any written collection communication that was not returned for an improper address.

46.     Plaintiff never received any written collection communication from Defendant.

47.     Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 USC 227(a)(1), from the phone number that is registered to the Defendant.

48.     All of the above phone calls were made to Plaintiff's cellular phone and he was charged for those phone calls.

49.     Plaintiff never entered into any agreement whereby he provided express consent for Defendant to place calls to his cellular phone with Defendant's automatic telephone dialing system.

50.     Plaintiff never entered into any agreement whereby he consented to arbitrate disputes between himself and Defendant.

51.     Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular phone charges, anxiety, sleeplessness, and worry.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

52.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

53.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a.      Engaging in harassing and threatening tactics in connection with the collection of a consumer debt including causing Plaintiff's phone to ring continuously, telephoning Plaintiff constantly in an effort to harass Plaintiff, and leaving cryptic and disturbing messages to intimidate plaintiff.  15 U.S.C. § 1692d-f.

b.      Failing to identify Defendant's company name in any of the voicemails and failing to indicate that the call was a collection attempt. 15 U.S.C. § 1692d,

c.      Failing to disclose that the voicemails were an attempt to collect a debt, and instead using misleading representations contained in the voicemails.  15 U.S.C. § 1692e.

d.      Threatening to report the debt to the credit bureaus in an effort to mislead, harass and intimidate Plaintiff where such threat was false, baseless, and Defendant had no intent of following through with the same.  15 U.S.C. § 1692d-f.

e.      Overshadowing Plaintiff's dispute / validation rights.  15 U.S.C. § 1692g.

f.      Failing to send written notice within five days of the initial collection communication.  15 U.S.C. § 1692g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.      Judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

D.      For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

54.     Plaintiff re-alleges and incorporates by reference all prior paragraphs.

55.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

6

    a.      Placing multiple non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff.  47 USC 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully requests that that judgment be entered against Defendant for:

    A.      Judgment that Defendant's conduct violated the TCPA;

    B.      Actual damages;

    C.      Statutory damages pursuant to 47 USC (b)(3); and

    D.      For such other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED:

**\<Richard A. Voytas, Jr.\>**

_____
JAMES W. EASON, #57112
RICHARD A. VOYTAS, #52046
Eason & Voytas, LLC
One North Taylor Ave
St. Louis, Missouri 63108
Phone: (314) 932-1066
Fax:      (314) 667-3161

## CERTIFICATION

The below signature certifies that on August 31, 2012 the foregoing was served

pursuant to Federal and local rules by e-mail to the following counsel of record:

Patrick T. McLaughlin, Esq.
Joshua Dickinson, Esq.
1 North Brentwood Blvd., Suite 1000
St. Louis, MO  63105
(314) 863-7733  (telephone)
(314) 862-4656  (facsimile)
pmclaughlin@spencerfane.com

/s/Richard A. Voytas, Jr. ____

**8**