IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12-cv-00682-JCH |
| ) | |
| I.C. SYSTEM, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

COMES NOW I.C. System, Inc. ("ICS" or "Defendant") and, for its answer to the First Amended Complaint filed by the Plaintiff (Doc. #15, "Complaint"), admits, denies, and avers as follows:

**INTRODUCTION**

1. Paragraph 1 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

2. Paragraph 2 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

3. No response is required as to this paragraph.

**JURISDICTION AND VENUE**

4. Responding to paragraph 4, Defendant admits that jurisdiction and venue are proper, but denies the remainder of the allegations in paragraph 4.

5. Responding to paragraph 5, Defendant admits that jurisdiction and venue are proper, but denies the remainder of the allegations in paragraph 5.

## PARTIES

6. Defendant admits that Plaintiff resides in St. Louis County, Missouri. The second sentence of paragraph 6 is a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same. Defendant is without information sufficient to either admit or deny the statement contained in the last sentence of paragraph 5, and therefore denies the same.

7. Defendant is without information sufficient to either admit or deny the allegations in paragraph 7, and therefore denies the same

8. Defendant admits the allegations in paragraph 8.

9. Defendant admits that a portion of its business relates to the collection of debts, but denies the remaining allegations in paragraph 9.

10. Defendant admits that a portion of its business relates to the collection of debts by mail and telephone. The remaining allegation in paragraph 10 is a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

## FACTS

11. Defendant admits the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant admits the allegations in paragraph 15, but denies that it was part of any illegal conduct or scheme.

16. Defendant denies the allegations in paragraph 16.

17. No response is required to paragraph 17, contains a statement that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

OM 206260.1

18. Responding to paragraph 18, Defendant's call records show a call to Plaintiff, but Defendant is currently without sufficient information to admit or deny the remainder of the allegations in paragraph 18.

19. Responding to paragraph 19, Defendant's call records show a call to Plaintiff.

20. Responding to paragraph 20, Defendant's call records show a call to Plaintiff.

21. Responding to paragraph 21, Defendant is currently without sufficient information to admit or deny the remainder of the allegations in paragraph 21.

22. Responding to paragraph 22, Defendant's call records show a call to Plaintiff.

23. Defendant admits the allegations in paragraph 23.

24. Responding to paragraph 24, Defendant's call records show a call to Plaintiff, but Defendant is currently without sufficient information to admit or deny the remainder of the allegations in paragraph 24.

25. Responding to paragraph 25, Defendant's call records show a call to Plaintiff, but Defendant is currently without sufficient information to admit or deny the remainder of the allegations in paragraph 25.

26. Responding to paragraph 26, Defendant's call records show a call to Plaintiff.

27. Responding to paragraph 27, Defendant's call records show a call to Plaintiff.

28. Responding to paragraph 28, Defendant's call records show a call to Plaintiff, but Defendant is currently without sufficient information to admit or deny the remainder of the allegations in paragraph 28.

29. Responding to paragraph 29, Defendant's call records show a call to Plaintiff, but Defendant is currently without sufficient information to admit or deny the remainder of the allegations in paragraph 29.

OM 206260.1

30. Responding to paragraph 30, Defendant's call records show a call to Plaintiff, but Defendant is currently without sufficient information to admit or deny the remainder of the allegations in paragraph 30.

31. Responding to paragraph 31, Defendant's call records show calls to Plaintiff.

32. Defendant admits paragraph 32.

33. Responding to paragraph 33, Defendant's call records show a call to Plaintiff, but Defendant is currently without sufficient information to admit or deny the remainder of the allegations in paragraph 33.

34. Responding to paragraph 34, Defendant's call records show a call to Plaintiff, but Defendant is currently without sufficient information to admit or deny the remainder of the allegations in paragraph 34.

35. Defendant admits paragraph 35.

36. Defendant denies this allegation in that while its call notes show calls on this date, they do not reflect that the calls were placed at or around the time indicated in paragraph 36.

37. Responding to paragraph 37, Defendant's call records show a call to Plaintiff, but Defendant is currently without sufficient information to admit or deny the remainder of the allegations in paragraph 37.

38. Defendant is without information sufficient to either admit or deny the allegations in paragraph 38, and therefore denies the same.

39. Defendant is without information sufficient to either admit or deny the allegations in paragraph 39, and therefore denies the same.

40. Defendant is without information sufficient to either admit or deny the allegations in paragraph 40, and therefore denies the same

41. Defendant is without information sufficient to either admit or deny the allegations in paragraph 41, and therefore denies the same.

42. Defendant is without information sufficient to either admit or deny the allegations in paragraph 42, and therefore denies the same.

43. Defendant denies the allegations in paragraph 43.

44. Paragraph 44 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

45. Defendant denies the allegations in paragraph 45.

46. Defendant is without information sufficient to either admit or deny the allegations in paragraph 46, and therefore denies the same.

47. Paragraph 47 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

48. Defendant is without information sufficient to either admit or deny the allegations in paragraph 48, and therefore denies the same.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant is without information sufficient to either admit or deny the allegations in paragraph 49, and therefore denies the same.

51. Defendant denies the allegations in paragraph 51.

## COUNT I
## ALLEGED VIOLATION OF FDCPA

52. Defendant incorporates by reference paragraphs 1 through 51 above.

53. Defendant denies the allegations in paragraph 53, including all of its subparts.

## COUNT II
## ALLEGED VIOLATION OF TCPA

54. Defendant incorporates by reference paragraphs 1 through 53 above.

55. Defendant denies the allegations in paragraph 5, including all of its subparts.

### **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of laches, waiver, and/or estoppel.

3. Defendant acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FDCPA and the TCPA, and the actions were unintentional and/or were the result of a bona fide error as defined in the FDCPA.

4. Plaintiff lacks standing to pursue this claim.

5. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate his damages, the existence of which damages Defendant specifically denies.

6. Defendant did not act in willful disregard of any requirements of any law.

7. To the extent it is determined that Defendant violated the FDCPA and/or the TCPA, which Defendant specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be *de minimis*, inconsequential and not material.

8. Plaintiff's TCPA claims are barred under the doctrine of consent.

9. Defendant reserves the right to add further affirmative defenses as discovery and litigation of this case progresses.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

Dated this 13th day of September, 2012.

                         Respectfully submitted,

                         SPENCER FANE BRITT & BROWNE LLP

                         By: /s/ Joshua C. Dickinson
                             Joshua C. Dickinson, #51446
                             Patrick T. McLaughlin, #48633
                             1 North Brentwood Blvd., Suite 1000
                             St. Louis, MO  63105
                             Telephone: (314) 863-7733
                             Facsimile: (314) 862-4656
                             E-mail: jdickinson@spencerfane.com
                                             pmclaughlin@spencerfane.com

                         *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, Eastern Division this 13th day of September, 2012, with notice of case activity generated and sent electronically to:

James W. Eason
Richard A. Voytas, Jr.
Eason & Voytas, LLC
1 North Taylor Ave.
St. Louis, MO 63108

*Attorneys for Plaintiff*

                                           /s/ Joshua C. Dickinson

OM 206260.1