UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON SMITH, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:12CV682 JCH |
| | ) |
| I.C. SYSTEM, INC., | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

Plaintiff in this matter, Aaron Smith, comes before this Court seeking actual and statutory damages as allowed under the Fair Debt Collection Practices Act ("FDCPA"), and the Telephone Consumer Protection Act of 1991. His Complaint alleges that Defendant I.C. System, Inc. ("Defendant" or "ICS") violated said Acts. After filing his Complaint, Plaintiff moved this Court for summary judgment on a portion of his FDCPA claim ("Motion"). (ECF No. 17).[1] Defendant timely replied with a motion of its own, claiming it is entitled to partial summary judgment on Plaintiff's § 1692e(11) claim ("Cross-Motion"). (ECF No. 22).

## BACKGROUND[2]

This matter revolves around debt collection calls placed to Plaintiff Smith on several occasions by the Defendant company, regarding an outstanding debt incurred "for products and services purchased at Banfield pet hospital." (Plaintiff's Statement, ¶ 5). Defendant ICS acts as a third-party

---

[1] In his Complaint, Plaintiff asserts violations of 15 U.S.C. §§ 1692d-g. (Compl., ¶ 53). Plaintiff's Memorandum in Support of his Motion addresses only his claim under 15 U.S.C. § 1692e(11), however, and so the Court limits its discussion to that claim.

[2] The Court's background section is taken from Plaintiff's Complaint, the parties' Motion and Cross-Motion, Plaintiff's Statement of Uncontroverted Facts ("Plaintiff's Statement"), and Defendant's Statement of Additional Material Facts ("Defendant's Statement").

debt collector for outstanding payments due to various entities. (Id., ¶ 3). It attempts to collect these debts by contacting the alleged debtor by mail and telephone. (Compl., ¶ 10). Defendant allegedly utilized both these methods in attempting to make contact with Plaintiff regarding the outstanding Banfield bill; Plaintiff, however, maintains he never received any of the mail correspondence from ICS. (Id., ¶¶ 11-13). This action instead stems from the numerous phone calls placed to Plaintiff's cellular telephone, beginning on January 19, 2012. (Id., ¶ 11). Plaintiff alleges Defendant called at least once per day, and sometimes three times per day, from January 19 to January 25, 2012, and that "[o]n virtually every call, Defendant lets Plaintiff's voicemail pick up and then leaves a cryptic message that does not identify Defendant and does not state that the purpose of the call is to collect a debt." (Id., ¶¶ 15-16). Plaintiff describes numerous instances of these calls in his Motion, noting "unidentified speakers," "muffled voices," and "hang-ups." (Id., ¶¶ 18-37). Plaintiff claims these occurrences were in violation of the FDCPA, as in none of the calls did Defendant disclose its identity, or the fact that the calls were made in an effort to collect a debt. (Id., ¶¶ 38-39). Plaintiff further asserts that "Defendant's calls caused [him] distress and inconvenience because they failed to identify the nature and source of the calls, causing Plaintiff to worry about what important matter they might pertain to." (Motion, P. 7).

In its response, Defendant concedes for purposes of Plaintiff's Motion that such occurrences may have taken place, but maintains it is not an ordinary practice of Defendant to hang up on contacts, or to leave muffled or cryptic voice messages. (Defendant's Statement, ¶¶ 1-2). Defendant states it has written policies in place, requiring its employees to identify themselves and the purpose of their calls when attempting to collect a debt. (Id., ¶ 5). ICS thus attributes the nature of the calls at issue to "technological problems on Plaintiff's end of the line." (Cross-Motion, P. 4).

Furthermore, Defendant argues it was under no duty to identify itself or state the purpose of the calls, because such calls were not "communications" as defined by the FDCPA. (Id.).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

As this is an action for statutory damages under the FDCPA as codified in 15 U.S.C. § 1692a, *et seq.*, the statute is the proper place to begin the analysis. As a threshold matter, for the alleged FDCPA violation to be considered Plaintiff must show that he is a "consumer," that Defendant is a "debt collector," and that there was an attempt to collect a debt through "communications." See 15 U.S.C. § 1692e(11). At issue here is whether the voicemails left on Plaintiff's phone qualify as "communications," defined by the statute as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

The Court recognizes that the majority of courts to consider the question has held that, "answering machine or voicemail messages are 'communications' and that §....1692e(11) require[s] debt collectors to identify themselves." Zortman v. J.C. Christensen & Associates, Inc., 870 F.Supp.2d 694, 699 (D. Minn. 2012) (citations omitted). These cases may be distinguishable, however, as according to Plaintiff's own allegations the majority of Defendant's phonecalls failed to convey any information whatsoever, much less the type of information necessary to constitute a communication under § 1692e(11). (See, e.g., Compl., ¶¶ 19-37). With respect to several of the calls, however, Plaintiff states only that Defendant "left cryptic messages that failed to identify Defendant." (See Id., ¶ 18). As to those calls, the Court finds it possible there was some information imparted through the message, "the obvious purpose of [which] was to provide the debtor with enough information to entice a return call." Foti v. NCO Financial Systems, Inc., 424 F.Supp.2d 643, 656 (S.D. N.Y. 2006). See also Ramirez v. Apex Financial Management, LLC, 567 F.Supp.2d 1035, 1041 (N.D. Ill. 2008) (holding messages constituted communications even without referencing a debt, when they "conveyed pertinent information to Plaintiff, including the fact that there was a matter that he should attend to and instructions on how to do so"); Leyse v. Corporate Collection Services, Inc., 2006 WL 2708451, at *6 (S.D. N.Y. Sep. 18, 2006) (holding messages "intended as

the first phase of an ongoing communication 'regarding a debt'" were communications under the FDCPA). Thus, absent further information regarding the content and nature of the "cryptic" messages, the Court finds a fact question remains with respect to whether Defendant violated § 1692e(11) of the FDCPA. Both parties' Motions for Summary Judgment must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that both Plaintiff's and Defendant's Motions for Summary Judgment (ECF Nos. 17, 22) are **DENIED**.

Dated this   11th   day of January, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE